UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X  For Online Publication Only
LAMOR WHITEHEAD,

                                                Plaintiff,        **ORDER**
                                                                    22-CV-6517 (JMA) (JMW)
        -against-                                22-CV-6524 (JMA) (JMW)

GRANT & WEBER, INC.,

                                            Defendant.
------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

        On September 28, 2022, and September 30, 2022, Plaintiff Lamor Whitehead ("Plaintiff") commenced a pair of separate, yet practically identical actions: Whitehead v. Grant & Weber, Inc., 2:22-cv-06517-JMA-JMW ("6517 Action"), and Whitehead v. Grant & Weber, Inc., 2:22-cv-06524-JMA-JMW ("6524 Action," and collectively the "Whitehead Actions"), against Defendant Grant & Weber, Inc. ("Defendant"), in the Supreme Court of the State of New York, Suffolk County. (See Compl., 6517 Action, ECF No. 1; Compl., 6524 Action, ECF No. 1.) Plaintiff's Complaints allege violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., and relevant provisions of New York state law. (Id.) Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant removed the Whitehead Actions to federal court. (Id.)

        After reviewing the allegations contained in each of Plaintiff's one-page Complaints, the Honorable Magistrate Judge James M. Wicks issued Orders to Show Cause on October 31, 2022 (in the 6524 Action) and November 30, 2022 (in the 6517 Action), directing Defendant to show cause as to why he should not recommend to this Court that the Whitehead Actions be remanded to the Supreme Court of the State of New York, Suffolk County for lack of subject matter jurisdiction. (See 6524 Action Electronic Order, dated Oct. 31, 2022; 6517 Action Electronic Order, dated Nov. 30, 2022.) In light of the Supreme Court's holding in *TransUnion LLC v.*

1

*Ramirez*, __ U.S. __, 141 S. Ct. 2190, 2203 (2021), Defendant was to address whether Plaintiff's Complaints allege concrete, particularized injuries in fact or any other basis sufficient to confer Article III standing and subject matter jurisdiction. (Id.) Defendant filed identical responses on November 7, 2022, in the 6524 Action (ECF No. 8) and on December 7, 2022, in the 6517 Action (ECF No. 9). To date, nothing has been filed by Plaintiff.

On December 30, 2022, Judge Wicks issued a *sua sponte* report and recommendation ("R&R"), wherein he recommended that, because Defendant had failed to establish that Plaintiff has alleged concrete, particularized injuries, the Whitehead Actions should be remanded to the Supreme Court of the State of New York, Suffolk County. (6517 Action, ECF No. 10; 6524 Action, ECF No. 11.) Now before the Court are Defendant's objections to Magistrate Judge Wicks's R&R. (6517 Action, ECF No. 11; 6524 Action, ECF No. 12.) After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Magistrate Judge Wicks's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or…recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom. Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Magistrate Judge Wicks's R&R to which there are no objections. Next, the Court turns to the portion of the R&R to which Defendant has objected. Specifically, Defendant objects to the R&R's recommendation that the Whitehead

Actions be remanded to state court and argues that doing so would require this Court to overlook "the totality of the assertions made regarding Plaintiff's claims and alleged damages," and purportedly run afoul of established New York state case law. (R&R at 4-5.)

After conducting a de novo review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court agrees with Magistrate Judge Wicks's recommendations, and therefore adopts the R&R in its entirety as the opinion of the Court. Accordingly, the Clerk of the Court is respectfully directed to enter a judgment remanding the Whitehead Actions to the Supreme Court of the State of New York, County of Suffolk. The Clerk of Court shall thereafter close both cases.

**SO ORDERED.**

Dated: May 4, 2023
Central Islip, New York

_____/s/   (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
